■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOSE SALINAS, Defendant. — Motion to extend defendant's time to take an appeal to this court pursuant to CPL 460.30 is denied. By notice of motion dated "March, 1982" defendant seeks an extension of his time to take an appeal from a judgment of conviction rendered on or about July 7, 1981. The normal time for taking such an appeal is 30 days after imposition of sentence. (CPL 460.10, subd 1, par [a].) But this court can extend his time on a motion made within a year after the expiration of the 30 days on the ground that the failure to file the notice of appeal in timely fashion "resulted from improper conduct of a public servant or improper conduct, death or disability of the defendant's attorney". (CPL 460.30, subd 1.) Defendant alleges that he speaks only Spanish; that at no time did his defense counsel inform him in writing, either in English or in Spanish, of his right to appeal; and that he did not know that he had a right to appeal. The motion is supported by an affidavit from a student attorney employed by Prisoners' Legal Services that he spoke to defendant's attorney and that that attorney told him that he never discussed the possibility or right of appeal with his client. As we are aware of the uniform practice of notifying the defendant of his right to appeal, we have sent for the sentencing minutes. They show that the defendant, his attorney, and the official interpreter were present; that the clerk advised defendant of his right to appeal within 30 days; and that defendant had "been given a written copy of his right to appeal." This written notice is a form which is in both English and Spanish. Thus defendant's contention that he was not notified of his right to appeal and did not know of his right to appeal is conclusively refuted by the court record. We have had several similar applications from defendants, usually represented by Prisoners' Legal Services. Pursuant to a directive of the Appellate Division, it has been the uniform practice for some years to notify defendants on the record at the time of sentence of their right to appeal. Since at least July 8, 1975 there has been a directive by the chief clerk to the clerks of the Supreme Court, Criminal Branch in the First Judicial District and the Criminal Court, New York and Bronx Counties, that immediately after the pronouncement of sentence, notice of the right to appeal shall be given to the attorney for the defendant and that "the defense attorney should then give this to his client and

state on the record that the defendant has been given written notice of his right to appeal." The form of notice of right to appeal is in English and Spanish. The sentencing minutes are routinely transcribed in all cases. The back of the indictment form, on which there are customarily noted all court proceedings, contains in the portion headed "Sentence," just before the place for the Judge's signature, in solid capitals: DEFENDANT GIVEN WRITTEN NOTICE OF HIS RIGHT TO APPEAL ☐ with the box customarily checked by the clerk. Concur — Ross, J. P., Markewich, Silverman, Bloom and Asch, JJ.